Dear Dr. Ahr:
This opinion is issued in response to your request which asks the following question:
 Does section 376.779 RSMo. Supp. 1981 mandate
that all insurance companies and health service corporations doing business in Missouri provide reimbursement (to limits specified) for residential and non-residential treatment programs, for alcoholism, chemical dependency and drug addiction, or does this section simply require that all insurance companies and health service corporations doing business in Missouri offer (as an option) coverage (to limits specified) for residential and non-residential treatment programs for alcoholism, chemical dependency and drug addiction? [Emphasis yours.]
Subsection 1 of Section 376.779, RSMo Supp. 1981, provides as follows:
 All group health insurance policies providing coverage on an expense incurred basis, all group service or indemnity contracts issued by a not for profit health service corporation, all self-insured group health benefit plans, of any type or description, and all such health plans or policies that are individually underwritten or provide for such coverage for specific individuals and the members of their families as nongroup policies, which provide for hospital treatment, shall provide coverage for treatment of alcoholism on the same basis as coverage for any other illness, except that coverage may be limited to thirty days in any policy or contract benefit period. All Missouri group contracts issued or renewed, and all Missouri individual contracts issued on or after December 31, 1980, shall be subject to this section. Coverage required by this section shall be included in the policy or contract and payment provided as for other coverage in the same policy or contract notwithstanding any construction or relationship of interdependent contracts or plans affecting coverage and payment of reimbursement prerequisites under the policy or contract.
The matter of providing benefits for residential and nonresidential treatment programs for alcoholism, chemical dependency and drug addiction is expressly addressed in subsection 2 of Section376.779, which states:
 Every insurance company and health services corporation doing business in this state shall offer in all such policies or contracts referred to in subsection 1, benefits for alcoholism, chemical dependency, and drug addiction which cover the following:
 (1) Residential treatment programs as licensed or certified by the department of mental health;
 (2) Nonresidential treatment programs licensed or certified by the department of mental health.
 The benefits in this subsection may be limited to eighty percent of the reasonable and customary charges for such services up to a maximum benefit of two thousand dollars during each policy or contract benefit period. Said offer may be accepted or rejected by the group or individual policyholder or contract holder or at their election they may take or purchase either or both of the benefits set out in (1) or (2); provided, however, that nothing in this section shall prohibit the insurance company and health services corporation from including all or part of the coverage set forth in this section as standard coverage in their policies or contracts issued in this state.
We believe it is clear that under Section 376.779.2, insurance companies and health services corporations are only required to offer, as an optional coverage, benefits for residential and nonresidential treatment programs for alcoholism, chemical dependency and drug addiction, which offer may be accepted or declined by their policyholders or contract holders.
CONCLUSION
It is the opinion of this office that insurance companies and health services corporations issuing health insurance policies or contracts in this state are required to offer, as an optional coverage under such policies or contracts, benefits for residential and nonresidential treatment programs for alcoholism, chemical dependency and drug addiction.
The foregoing opinion, which I hereby approve, was prepared by my assistant, Hannelore D. Fischer.
Very truly yours,
 JOHN ASHCROFT Attorney General